In re RUDOLF LAWATCH on Habeas Corpus.

Ray H. Enter for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles) and Robert C. Lunch, Deputy County Counsel, for Respondent.

THE COURT.—This is a proceeding in habeas corpus through which petitioner seeks release from the custody under which he is held by virtue of a judgment of contempt rendered against him by the respondent court.

Petitioner is a man of the age of 59 years and suffers from diseases of the kidneys, bladder, diabetes and heart trouble. He is the plaintiff and cross-defendant in an action for divorce. By an order entered in the divorce action, he was ordered to pay certain sums per month for alimony and additional sums per month for the support of his minor children. Having failed to pay the full amount of the alimony and child support payments, an order to show cause issued on affidavit of his wife, why he should not be held in contempt of the order of the court. The period covered by the order to show cause was from July 1 to December 15, 1960. During this period petitioner had paid $850 on account of alimony and child support and it was stipulated at the hearing that he was in default on said payments in the amount of $3,350. No differentiation was made between the delinquency in alimony and child support.

At the close of the hearing the court made the following order as reflected by the commitment: ''[T]he Court finds that the plaintiff had the ability to comply with the said order of court, in excess of $850 which plaintiff paid but has willfully failed and refused, and still does willfully fail and refuse to comply with the said order of court; Therefore, it is ordered that the said plaintiff, Rudolf Lawatch be and he is now sentenced to serve three (3) days in the County Jail, commencing forthwith.'' The court did not, in the proceedings, distinguish between petitioner's obligation under the court order to pay alimony and his obligation to pay child support, but as it is evident that no matter how the payments he made were credited, he would be in default on the payments for child support, we treat the judgment of contempt as relating to that portion of the order. ▆▆ It being undisputed that the order in question was made by a court of competent jurisdiction and that the petitioner had failed to comply therewith, a prima facie case of contempt of the order was established (Code Civ. Proc., § 1209.5) and the burden was upon petitioner to prove his inability to comply with the order. We have carefully studied the evidence produced by petitioner at the hearing before the respondent court and that evidence demonstrates that petitioner sustained his burden of proof.

■ The evidence establishes that petitioner's only source of income was from three corporations, two of which were wholly owned by him, the other of which was owned equally by himself and his wife, the real party in interest here. It further establishes that petitioner, in an endeavor to meet the orders of the court as to alimony and child support, had depleted the assets of these corporations until they were left without working capital and were unable to pay petitioner any salaries during the period in question or replenish their inventories of raw materials except on a C.O.D. basis. While the evidence shows that during the period in question there was paid from the accounts of the corporations $1,200 on account of doctor and hospital bills incurred by petitioner and substantial sums for the services of attorneys and accountants, it is evident that the latter expenses were necessarily incurred in the conduct of the business of the corporations and were not funds which were available to him to meet his obligations under the order of the court. It also appears that the medical and hospital expenses were necessarily incurred and that petitioner remains indebted in the sum of approximately $800 for services rendered him by the doctors and hospital.

It is significant that while the court found that petitioner was able to pay more than $850 it could not and did not find what sum he could have paid or from what source he could have received the funds to make any payments. The evidence produced makes it abundantly clear that in any realistic sense, petitioner was unable to pay more than he did toward satisfaction of his obligations under the order of the court and that the judgment of contempt has no real foundation in the evidence.

The petitioner is discharged from custody.